Filed 5/30/24  P. v. Johns CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>KENNETH JOHNS,<br><br>        Defendant and Appellant. | B330447<br><br>(Los Angeles County Super. Ct. No.  BA458893) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

        Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

Appellant Kenneth Johns appeals his conviction and sentence. His appointed counsel filed a brief raising no issues and requesting that this court independently review the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We have independently examined the entire record[1] pursuant to *Wende*, *supra*, 25 Cal.3d 436, and conclude no arguable issues exist. We therefore affirm.

## PROCEDURAL HISTORY

An amended information filed July 23, 2018 charged appellant with attempted murder (Pen. Code, §§ 187, subd. (a), 664),[2] assault with a deadly weapon (§ 245, subd. (a)(1)), first degree murder (§ 187, subd. (a)), and possession of a firearm by a felon (§ 29800, subd. (a)(1)). The information alleged that appellant personally used a deadly weapon, a knife, during the attempted murder (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury upon the attempted murder victim (§ 12022.7, subd. (a)). It further alleged that appellant personally and intentionally discharged a firearm and proximately caused great bodily injury and death to the murder victim. (§ 12022.53, subd. (d).) The information alleged that appellant suffered eight prior convictions (§ 667.5, subd. (b)).

Appellant proceeded to jury trial in October 2018. The jury found appellant guilty as charged and found the enhancement allegations true.

Prior to sentencing, the court granted appellant's oral motion to proceed in propria persona pursuant to *Faretta v.*

---

[1] We granted appellant's request for judicial notice of the record in his previous appeal, No. B296081, and have also reviewed that record.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

*California* (1975) 422 U.S. 806 and continued the sentencing for two weeks so appellant could file a motion for new trial. The same day, appellant filed a motion for new trial on the following grounds: (1) the prosecutors and detectives coerced witnesses by threatening to incarcerate them or withhold compensation if they did not testify as they had been coached; (2) one of the prosecutors unlawfully communicated with a juror by mouthing "thank you" to the juror and exchanging smiles, waves, blinks, and nods; (3) the video evidence had been improperly altered in an unspecified manner; (4) the court improperly failed to instruct the jury on witnesses being under the influence of drugs; and (5) the court improperly failed to instruct the jury on in-custody witnesses. (*People v. Johns* (Sept. 4, 2020, B296081) [nonpub. opn.].)

At the outset of the continued sentencing hearing, the trial court denied appellant's request for an additional continuance to make a supplemental filing. It also denied appellant's motion for new trial. It found that the jury was properly instructed and there was no evidence of improper jury contact or malfeasance relating to the videos. Without asking appellant if he wished to make any argument regarding sentencing, the court proceeded to sentence appellant to an aggregate term of 61 years to life. Appellant's sentence consisted of the midterm of seven years for the attempted murder, plus three years for the knife enhancement and one year for the great bodily injury enhancement; 25 years to life for the first degree murder, plus 25 years to life for the firearm enhancement; and a concurrent term of two years for the felon in possession count. The court imposed and stayed the midterm of three years for the assault pursuant to section 654. It dismissed the eight one-year prior allegations (§ 667.5, subd. (b)) pursuant to section 1385. The court ordered appellant to pay restitution in the amount of $4,098.81 and the

minimum required fines and fees. It awarded him 596 days of custody credit.

Appellant timely appealed.  His appointed counsel raised arguments pertaining to appellant's *Faretta* motion, the court's denial of his requested continuance, and the imposition of fines and fees.  (See *People v. Johns*, *supra*.)  A different panel of this court agreed with appellant that the trial court improperly advised him of the risks associated with self-representation and therefore failed to properly ascertain whether appellant knowingly and intelligently waived his right to counsel. (*Id.*)  The panel reversed on that basis without addressing appellant's other arguments and remanded for resentencing.  (*Id.*)

On remand, appellant filed a motion for new trial in propria persona.  Appellant asserted the following grounds for new trial: (1) ineffective assistance from his trial counsel due to her failure to properly investigate the case, file a motion to suppress, and object to testimony that was perjured or made by witnesses who were under the influence; (2) the trial court's failure to instruct the jury on witnesses who were under the influence or appearing under duress; (3) police misconduct including detaining and arresting appellant without probable cause or a warrant; (4) prosecutorial misconduct including eliciting false testimony and seeking to improperly interrogate appellant via use of a jailhouse informant; and (5) trial court error in previously allowing him to represent himself without ensuring his waiver of counsel was knowing and intelligent and denying his request for a continuance.  Appellant also filed approximately 30 pages of "new evidence" in support of his motion.

The court subsequently relieved appellant's original trial counsel and appointed new counsel to represent him.  Appellant's counsel filed a motion for new trial on the ground that appellant's

4

trial counsel rendered ineffective assistance by failing to do the following: investigate and call an exculpatory percipient witness to the murder; listen to and transcribe jailhouse calls appellant made during trial; file a motion for continuing discovery; investigate or ensure preservation of allegedly exculpatory video evidence; and make any argument about a spent shell casing found at the murder scene.  The prosecution filed a written opposition to the motion filed by counsel.  The prosecution also filed a motion to dismiss the special allegations and enhancements pursuant to Los Angeles County District Attorney George Gascón's Special Directives 20-08, 20-08.1, 20-08.2, and 20-14.

On April 27, 2023, the day prior to his sentencing hearing, appellant filed a petition for writ of habeas corpus in propria persona.  He raised arguments similar to those raised in the second motion for new trial he filed in propria persona.

At the outset of the hearing on April 28, 2023, appellant moved to replace his appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).  The trial court held a *Marsden* hearing and denied the motion.  The trial court then heard and denied the motion for new trial.  It found that even if the asserted claims of error were true, they did not "rise to level that is required for ineffective assistance of counsel as set forth in *Strickland v. Washington* [(1984) 466 U.S. 668].  There has been an insufficient showing [trial counsel's] performance fell below that of a competent attorney.  [¶] Also, there is an insufficient showing that had [counsel] done what Mr. Johns claims should have been done, the result of the trial would have been the same [*sic*]."

The trial court then turned to sentencing.  Appellant's counsel submitted, and the prosecution advised the court that its previous arguments regarding aggravating factors may have

5

been affected by intervening changes in the law. The court found that appellant's prior history was "lengthy and extensive," and recited the history going back to 1988. The court further found that the criminal history "justified" the upper term sentence on the firearm enhancement. It accordingly "reinstated in its entirety" the original sentence imposed, though it increased the number of custody credits to 3,640 days.

Appellant timely appealed.

## FACTUAL BACKGROUND

Appellant's counsel asserts, and we agree, that the facts as set forth in the prior appellate opinion "are adequate for the purpose of this appeal." We accordingly reproduce them here, with the addition of a footnote.

### A.    Prosecution Case

### 1.    Murder of Gerald Jackson

"On June 23, 2017, around 5:56 a.m., Los Angeles Police Department (LAPD) officers responded to the scene of a reported shooting in Skid Row. They discovered Gerald Jackson, the shooting victim, who soon died of a gunshot wound to the chest. LAPD Detective Jonathan Vander Lee obtained surveillance videos from several cameras in Skid Row, which were played for the jury. One video showed a man shooting Jackson twice around 5:52 a.m. The shooter was wearing a black hoodie, a white shirt sticking out from underneath the hoodie, black pants, and black shoes. Other videos showed a man in similar clothing removing a bicycle from a tent near the scene of the shooting around 5:40 a.m., appearing to retrieve an object from behind the tent soon thereafter, and concealing that object in his pocket while proceeding toward the scene of the shooting.[3]

---

[3]    A senior engineering specialist at the Aerospace Corporation testified about adjustments he made to one of the

6

"On July 5, 2017, while driving in Skid Row, Detective Vander Lee happened upon appellant. Believing that appellant resembled the shooter in the video, he arranged for other officers to contact appellant while he returned to a police station to watch appellant from surveillance cameras.  In video from those cameras (which was played for the jury), appellant went to the tent from which the shooter had removed a bicycle.  Appellant was arrested after he entered the tent.

"Jackson's companion, Cathy Garcia, identified appellant, whom she had known for more than 20 years, as the man in the video from the day of the shooting.  Garcia was called to a police station on the day Jackson was killed. After leaving the station, she encountered appellant, who had a gun and was wearing what she believed was a bulletproof vest.

"Two additional witnesses, each in custody at the time of trial, identified appellant as the man in the video from the day of the shooting.  Appellant's former girlfriend, Regina Davis, did so both in her trial testimony and in a recorded police interview that was played for the jury.  She testified she did not want to testify, but she had been served with a subpoena and had been arrested when she refused to comply with it.  Andrea Johnson similarly testified that she did not want to testify.  Johnson denied knowing appellant, but in a recorded police interview that was played for the jury, she identified appellant – whom she said she had known for more than 20 years – as the man in the video from the day of the shooting." (*People v. Johns*, *supra*.)

---

videos "to make it as clear as possible so that the person could be identified at a later date."

## 2. Assault and Attempted Murder of Paul Smith

"Paul Smith testified that on June 19, 2017, when he was giving food to an unhoused Skid Row resident outside the hotel where he lived and worked, appellant – a stranger to him – abruptly stabbed him in the abdomen with a knife. Appellant tossed the knife to another man and eventually departed on a bicycle. Smith pursued appellant with a pipe, initiated a brief fight with appellant and the man to whom appellant had thrown the knife, and returned to the hotel. While Smith waited for the police at the hotel, appellant sneaked up behind him and struck him with a large wooden object. Videos of the stabbing and bludgeoning were played for the jury. Smith's stab wound required surgery." (*People v. Johns, supra.*)

### B. Defense Case

"Appellant denied killing Jackson. He testified that at the time of Jackson's shooting, he was in a tent with Terrie Smith and another woman. In her own testimony, Terrie Smith corroborated this alibi.

"Appellant also denied attacking Paul Smith. He testified that he confronted Smith after Smith slapped a friend of his, but Smith walked away. He implied that Smith might have been stabbed by another Skid Row resident who confronted Smith about the slap. Smith soon reappeared and struck Charles Allen, another of appellant's friends, with a metal pole. In his own testimony, Allen corroborated appellant's claim that Smith struck Allen with a pole. The surveillance video also corroborated this claim.

"Appellant acknowledged that he knew Johnson – one of the prosecution witnesses who had identified him in a video from the day of the shooting, but at trial denied knowing him. He further confirmed that he had been having frequent phone calls

8

with his friend Willie Meyers during trial, but denied plotting with Meyers to influence witnesses' testimony." (*People v. Johns, supra*.)

### C.     Prosecution Rebuttal

"The People played recordings of calls placed by appellant, from jailhouse phones, to Meyers. On one call, appellant asked Meyers to arrange for a man to attend trial the next day 'so [Johnson] and them can see . . . his face,' adding, 'You know, a little threat.' On a later call, appellant said he was proud of Johnson for, inter alia, denying that she knew him." (*People v. Johns, supra*.)

### DISCUSSION

Appellant's appointed counsel filed a brief under *Wende, supra*, 25 Cal.3d 436, identifying no arguable issues and requesting this court conduct an independent review of the record. On January 31, 2024, we notified appellant that he had 30 days to file a supplemental brief raising any issues or contentions he wished this court to consider. To date, we have received no response.

We have examined the entire record and conclude no arguable issues exist. By virtue of counsel's compliance with the *Wende* procedure and our review of the record, appellant has received adequate and effective appellate review of the judgment. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende, supra*, 25 Cal.3d at p. 443.)

9

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, P. J.


MORI, J.